Opinion filed November 3, 2005 












 
 
  
 
 







 
 
  
 
 




Opinion filed November 3, 2005 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00304-CR 

 

                                                    __________

 

                                      TROY LEE APPLIN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 14,949-B 

 



 

                                                                   O
P I N I O N

 

The jury
convicted Troy Lee Applin of possession of cocaine.  Appellant entered pleas of true to both the
enhancement allegations.  The trial court
assessed his punishment at confinement for 35 years.  We affirm.








Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969); Eaden v. State, 161 S.W.3d 173 (Tex.App. - Eastland
2005, no pet=n).

Appellant has filed a response to counsel=s brief.  Appellant contends that the trial court erred
in overruling his court-appointed trial counsel=s
motion to withdraw, that he was denied effective assistance of counsel, that
the trial court erred in denying his motion for mistrial, and that the
enhancement allegations are void.  The
record does not support appellant=s
contentions.

The record reflects that appellant=s original trial counsel was retained
and that retained counsel filed a motion to withdraw based on appellant=s failure to comply with the employment
contract and failure to cooperate.  After
a hearing, the trial court granted the motion. 
For the next three months, the trial court checked on appellant=s progress in retaining subsequent
trial counsel.  When appellant failed to
retain subsequent counsel, the trial court appointed counsel and set the case
for trial two months later.  The record
reflects that appellant was free on bond during the two months between the
appointment of counsel and the date of trial and that he did not retain
counsel.  On the day of trial, appellant
asked the trial court to continue the case to allow him time to retain trial
counsel.  The trial court denied the
motion.  Appellant repeated his request
for a continuance to hire counsel after the jury had been chosen.  The trial court found that appellant was
adequately repre-sented and that the case would proceed to trial.  The record does not support appellant=s contentions that the trial court
erred in proceeding to trial.








During the trial, appellant informed the trial
court that he told his court-appointed counsel that he did not want to discuss
the case with him, that he had instructed his court-appointed counsel not to
cross-examine the State=s
witnesses, that he did not want court-appointed counsel calling witnesses,  that he had instructed his court-appointed
counsel to turn down a plea bargain agreement, and that he would only discuss
the case with an attorney once he was allowed to retain the counsel of his
choice.  The record reflects that
appellant had ample opportunity to hire counsel, that appellant failed to hire
counsel, and that appellant made a conscious and deliberate decision to not
cooperate with the counsel provided to him. 
The record does not support appellant=s
contentions that his trial counsel was ineffective.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).

During Abilene Police Officer Erin Bennett=s testimony, court-appointed counsel
interrupted with an objection when Officer Bennett began to testify that her
partner had explained to her that she  Awould need to be very cautious with
[appellant] when [they] arrived due to his prior history.@ 
The trial court sustained counsel=s
objection, instructed the jury to disregard the testimony, and denied the
motion for mistrial.  The instruction
cured the error, and the trial court did not abuse its discretion.  Simpson v. State, 119 S.W.3d 262
(Tex.Cr.App.2003), cert. den=d,
___ U.S. ___, 124 S.Ct. 2837, 159 L.E.2d 270 (2004); Wood v. State, 18
S.W.3d 642 (Tex.Cr.App.2000); Ovalle v. State, 13 S.W.3d 774
(Tex.Cr.App.2000).

 As alleged
in the indictment, the record reflects that appellant was convicted in Cause
No. 19181-A by a state district court of possession of cocaine and was
convicted in Cause No. 1:92-CR-0013-03-C of distribution of cocaine base within
1,000 feet of an elementary school by a federal district court.  The record further reflects that, as alleged
in the indictment, the federal conviction had become final before the State
conviction and that the State conviction had become final prior to the
commission of the present offense.  The
record does not support appellant=s
contentions that the enhancement allegations are void.

Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  The record reflects that,
at the time of his arrest, appellant was holding two plastic baggies containing
rocks of cocaine.  The evidence is
legally and factually sufficient to support the conviction.  See Jackson v. Virginia, 443 U.S. 307
(1979); Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Jackson v.
State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.
App.1996).

The motion to withdraw is granted, and the
judgment is affirmed.

 

PER CURIAM

November 3, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.